**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

------------------------------------------------------
TRENDA TAYLOR, and THE       :
RHODE ISLAND COMMISSION FOR  :           **ANSWER AND AFFIRMATIVE**
HUMAN RIGHTS,               :           **DEFENSES OF DEFENDANTS**
                                 :
         **Plaintiffs,**      :
                                 :           **C.A. No.: 1:17-cv-00117-S-PAS**
     **v.**                 :
                                 :
NATIONAL INVESTMENTS, LTD.,   :
d/b/a ELMS APARTMENTS, alias,  :
SUBSIDIZED PROPERTIES I, L.P.,  :
alias, CARPIONATO GROUP, LLC,  :
alias, SUSAN MASTROSTEFANO, f/k/a :
SUSAN VINACCO, alias,       :
LEESA MCCARTHY, alias and    :
HEATHER PASCHOAL, alias,    :
                                 :
        **Defendants.**     :
------------------------------------------------------

## ANSWER TO PLAINTIFFS' COMPLAINT

     As and for their Answer to the Plaintiffs' Complaint filed in May 2017 (the "Complaint")

the Defendants, National Investments, Ltd., Subsidized Properties I, L.P., Carpionato Group,

LLC, Susan Mastrostefano, Leesa McCarthy and Heather Paschoal, by and through their

undersigned attorneys, O'Leary Law Associates, hereby respond to the Complaint as follows:

### I.      Introduction

    1.    Denied.

### II.      Parties

    2.    The Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      The allegations in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

4.      The allegations in Paragraph 4 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.      The allegations in Paragraph 10 of the Complaint are directed to a party other than the Defendants and constitute conclusions of law to which no response is required, and the Defendants are not required to respond thereto.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 10 of the Complaint.

11.      Admitted.

12.      Admitted.

13.      The allegations in Paragraph 13 of the Complaint are directed to a party other than the Defendants and constitute conclusions of law to which no response is required, and the

Defendants are not required to respond thereto.  To the extent that a response is required, the Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     Admitted.

15.     The allegations in Paragraph 15 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

16.     The allegations in Paragraph 16 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

17.     The allegations in Paragraph 17 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

18.     The allegations in Paragraph 18 of the Complaint are directed to a party other than the Defendants and constitute conclusions of law to which no response is required, and the Defendants are not required to respond thereto.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 18 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

19.     The Defendants admit that Susan Mastrostefano is currently the Director of Affordable Property Management, but deny the remaining allegations in Paragraph 19 of the Complaint including, without limitation, that Ms. Mastrostefano was Director of Affordable Property Management at all times relevant to this action.

20.     Denied.

21.     Admitted.

22.     Denied.

23.     Admitted.

24.     Denied.

25.     Admitted.

26.     The allegations in Paragraph 26 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

27.     The allegations in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

28.     The allegations in Paragraph 28 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

### III.     Jurisdiction

29.     The allegations in Paragraph 29 of the Complaint constitute conclusions of law to which no response is required, and the Defendants are not required to respond thereto.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

### IV.     Venue

30.     The allegations in Paragraph 30 of the Complaint constitute conclusions of law to which no response is required, and the Defendants are not required to respond thereto.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

### V.     Background

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Denied.

35.     The allegations in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

36.     The allegations in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

37.     The allegations in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

38.     The allegations in Paragraph 38 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

## VI.     Facts

39.     Admitted.

40.     Admitted.

41.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Admitted.

43.     Admitted.

44.     Admitted.

45.     The allegations in Paragraph 45 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

46.     Denied.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Admitted.

**A.      *Defendants' Refusal to Reduce Plaintiff's Rent Pursuant to Her Interim Recertification as Required by Law***

51.     Admitted.

52.     Admitted.

53.     The allegations in Paragraph 53 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     The allegations in Paragraph 54 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Denied.

56.     The allegations in Paragraph 56 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

57.     Denied.

58.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     Admitted.

60.     Admitted.

61.     Admitted.

62.     The allegations in Paragraph 62 of Plaintiff's Complaint constitute conclusions of law to which no response is required, and the Defendants are not required to respond thereto. To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

63.     Admitted.

64.     Admitted.

65.     The Defendants admit that the Plaintiff paid $129.00, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65 of the Complaint.

66.     Admitted.

67.     Admitted.

68.     Admitted.

69.     The Defendants admit to asking the Plaintiff how she would pay the minimum rent, but deny the remaining allegations contained in Paragraph 69 of the Complaint (including, without limitation, that the Defendant(s) asked the Plaintiff a question(s) in a harassing manor).

70.     Admitted.

71.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Denied.

73.     Admitted.

74.     The Defendants admit that the "No Assets Certification" form was submitted, but deny the remaining allegations contained in Paragraph 74 of the Complaint (including, without limitation, that the "No Assets Certification" form was completed).

75.     The Defendants admit that the "Recurring Contribution and Gift" form was submitted, but deny the remaining allegations contained in Paragraph 75 of the Complaint (including, without limitation, that the "Recurring Contribution and Gift" form was completed).

76.     Admitted.

77.     Admitted.

78.     Admitted.

79.     The Defendants admit that the forms were submitted, but deny the remaining allegations contained in Paragraph 79 of the Complaint (including, without limitation, that the "No Assets Certification" and "Recurring Contribution and "Gift" forms were completed).

80.     Admitted.

81.     The Defendants admit that the questionnaire form was submitted, but deny the remaining allegations contained in Paragraph 81 of the Complaint (including, without limitation, that the questionnaire form was completed).

82.     Admitted.

83.     The allegations in Paragraph 83 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

84.     Admitted.

85.     Admitted, except deny the allegation contained in Paragraph 85 that the Plaintiff's writing was responsive to any question(s) of the Defendant(s).

86.     Admitted.

87.     Denied.

88.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     Admitted.

91.     The allegations in Paragraph 91 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

**B.      _Plaintiff's Complaints to Rhode Island Housing and HUD Regarding the Interim Recertification and Defendants' Denial of Plaintiff's Request for a Hardship Exemption to the Minimum Rent Requirement_**

92.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.     Admitted.

94.     The allegations in Paragraph 94 of the Complaint constitute conclusions of law to which no response is required, and the Defendants are not required to respond thereto. To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

95.     Admitted.

96.     Admitted, except deny that Ms. Mastrostefano's last name is Vinacco.

97.     The allegations in Paragraph 97 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

98.     Admitted.

99.     The Defendants admit that on June 9, 2015 Ms. McCarthy sent an email to Ms. Mastrostefano regarding a meeting with the Plaintiff, but deny the remaining allegations contained in Paragraph 99 of the Complaint.

100.    Admitted, except deny that Ms. Mastrostefano's last name is Vinacco.

101.    The Defendants admit that an email was sent on June 10, 2015, but deny the remaining allegations contained in Paragraph 101 of the Complaint.

102.    Admitted.

103.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    Admitted.

106.    Admitted.

107.    Denied.

108.    Admitted.

109.    Denied.

110.    Admitted.

111.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112.    Admitted.

113.    Admitted.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint.

119.    Admitted.

120.    Admitted, except that the Defendants deny that an[y] adjustment to the Plaintiff's rent was required by a lease agreement, regulations, and/or HUD.

121.    Admitted.

122.    Admitted.

123.    Admitted.

124.    Admitted.

125.    Admitted.

126.    Admitted.

127.    Admitted.

128.    Admitted.

129.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

### C.     *Defendants' Failure to Complete the Annual Recertification Interview as Required by Law and The First Eviction Filed by Defendants Against Plaintiff*

133.    Admitted.

134.    The allegations in Paragraph 134 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    Admitted.

136.    The Defendants admit that the Plaintiff brought an individual to the Annual Recertification Interview, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 136 of the Compliant.

137.    The Defendants admit that the forms were submitted, but deny the remaining allegations contained in Paragraph 137 of the Complaint (including, without limitation, that the "No Assets Certification" and "Recurring Contribution" and "Gift" forms were completed).

138.    The Defendants admit that the Plaintiff complained, but deny the remaining allegations contained in Paragraph 138 of the Complaint (including, without limitation that the Plaintiff was treated in a discriminatory manor).

139.    Admitted.

140.    Denied.

141.    Admitted.

142.    Admitted.

143.    Denied.

144.    Admitted.

145.    Admitted.

146.    Denied.

147.    The allegations in Paragraph 147 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Admitted.

149.    The allegations in Paragraph 149 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    Admitted.

151.    Admitted.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Admitted.

159.    Denied.

160.    Denied.

161.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint.

162.    Admitted.

163.    Denied.

164.    Admitted.

165.    The allegations in Paragraph 165 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

166.    Denied.

167.    Admitted.

168.    Admitted.

169.    Admitted.

**D.      *Leesa McCarthy's Defamatory Written Comments Regarding Plaintiff On or About December 4, 2015***

170.    The allegations in Paragraph 170 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

171.    The Defendants admit that the Plaintiff brought an individual to the management office on November 5, 2015, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 171 of the Compliant.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint.

180.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Complaint.

181.    Admitted.

182.    Admitted.

183.    Admitted.

184.    Admitted.

185.    Admitted.

186.    Admitted.

187.    Admitted.

188.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint.

189.    Admitted.

190.    Denied.

191.    Denied.

192.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint.

193.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint.

194.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Complaint.

195.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the Complaint.

196.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of the Complaint.

197.     Denied.

198.     Denied.

**E.     *Plaintiff's RILS Attorney Notifying HUD of Defendants' Refusal to Reduce Plaintiff's Rent and Plaintiff Filing Her Charge of Discrimination in the Rhode Island Commission for Human Rights***

199.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint.

200.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 of the Complaint.

201.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the Complaint.

202.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of the Complaint.

203.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the Complaint.

204.     Admitted.

205.     Admitted.

206.    The Defendants admit that a charge was filed on or about January, 19, 2016, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 206 of the Complaint.

207.    Denied.

208.    Admitted.

209.    Admitted.

210.    Admitted.

211.    Denied.

212.    The allegations in Paragraph 212 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

213.    The allegations in Paragraph 213 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 213 of the Complaint.

214.    The allegations in Paragraph 214 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 214 of the Complaint.

215.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215 of the Complaint.

216.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 of the Complaint.

217.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the Complaint.

218.    Denied.

219.    Denied.

220.    The Defendants admit that the "Recurring Contribution and Gift" form was submitted, but deny the remaining allegations contained in Paragraph 220 of the Complaint (including, without limitation, that the "Recurring Contribution and Gift" form was completed).

221.    The Defendants admit that the forms were submitted, but deny the remaining allegations contained in Paragraph 79 of the Complaint (including, without limitation, that the "No Assets Certification" and "Recurring Contribution" and "Gift" forms were completed).

222.    Denied.

223.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 of the Complaint.

224.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224 of the Complaint.

225.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225 of the Complaint.

226.    Admitted, because no supposed meeting (as alleged in Paragraph 226 of the Complaint) occurred.

227.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227 of the Complaint.

228.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 228 of the Complaint.

**F.**      ***Defendants' Prosecution of its Eviction Actions Against Plaintiff and the RICHR's
Finding of Probable Cause***

229.    Admitted.

230.    Admitted.

231.    Admitted.

232.    Admitted.

233.    The Defendants admit that the Plaintiff was charged market rent on or about
March 1, 2016, but deny the truth of the remaining allegations contained in paragraph 233 of the
Complaint.

234.    Admitted.

235.    Admitted.

236.    The allegations in Paragraph 236 of the Complaint constitute conclusions of law
to which no response is required, and the Defendants are not required to respond thereto.  To the
extent that a response is required, the Defendants deny the allegations contained in Paragraph
236 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the
time of trial.

237.    The allegations in Paragraph 237 of the Complaint constitute conclusions of law
to which no response is required, and the Defendants are not required to respond thereto.  To the
extent that a response is required, the Defendants deny the allegations contained in Paragraph
237 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the
time of trial.

238.    The allegations in Paragraph 238 of the Complaint constitute conclusions of law
to which no response is required, and the Defendants are not required to respond thereto.  To the
extent that a response is required, the Defendants deny the allegations contained in Paragraph

238 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

239.   Denied.

240.   Admitted.

241.   Admitted.

242.   Admitted.

243.   The allegations in Paragraph 243 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 243 of the Complaint.

244.   The allegations in Paragraph 244 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 244 of the Complaint.

245.   The allegations in Paragraph 245 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 245 of the Complaint.

246.   The allegations in Paragraph 246 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 246 of the Complaint.

247.   The allegations in Paragraph 247 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 247 of the Complaint.

248.   Admitted.

249.   Admitted.

250.    Admitted.

251.    Admitted.

252.    Admitted.

253.    Denied.

254.    The Defendants admit that the Plaintiff's "No Asset Certification" and "Recurring Contributions and Gifts" forms were provided in discovery, but deny that the "No Asset Certification" and "Recurring Contributions and Gifts" forms were completed.

255.    Admitted.

256.    Admitted.

257.    Admitted.

258.    Admitted.

259.    Admitted.

260.    Admitted.

261.    The allegations in Paragraph 261 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

262.    The allegations in Paragraph 262 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

263.     The allegations in Paragraph 263 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

264.     The allegations in Paragraph 264 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 of the Complaint, and therefore, the same are denied.  Strict proof thereof is demanded at the time of trial.

265.     Admitted.

266.     Admitted.

267.     Admitted.

268.     Admitted.

269.     Admitted.

270.     Admitted.

271.     Admitted.

272.     Admitted.

273.     Denied.

274.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 274 of the Complaint.

**G.      *Defendants Denied Plaintiff's Request for a Reduction of Rent Because of Her Race and Color***

275.     Denied.

276.     The allegations in Paragraph 276 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 276 of the Complaint.

277.     The allegations in Paragraph 277 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 277 of the Complaint.

278.     The allegations in Paragraph 278 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 278 of the Complaint.

279.     The allegations in Paragraph 279 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 279 of the Complaint.

280.     Admitted.

281.     Admitted.

282.     The allegations in Paragraph 282 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 282 of the Complaint.

283.     The allegations in Paragraph 283 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 283 of the Complaint.

284.     The allegations in Paragraph 284 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 284 of the Complaint.

285.    Admitted.

286.    The allegations in Paragraph 286 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 286 of the Complaint.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 293 of the Complaint.

294.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 294 of the Complaint.

295.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 295 of the Complaint.

296.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 296 of the Complaint.

297.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297 of the Complaint.

298.    Denied.

299.    Denied.

300.    Admitted.

301.     Admitted, except deny the allegation contained in Paragraph 301 that the Plaintiff's writing was responsive to any question(s) of the Defendant(s).

302.     Denied.

303.     Denied.

304.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304 of the Complaint.

305.     Denied.

306.     Admitted.

307.     Denied.

308.     Admitted.

309.     Denied.

310.     Denied.

311.     Denied.

312.     Denied.

313.     Denied.

**H.      Defendants filed the First and Second Complaints for Eviction, Requested a No Contact Order from the WWPD, and Terminated Plaintiff's Federal Subsidy in Retaliation for Plaintiff's Complaints to National Investments, Congressman Langevin, RIH, the RICHR and HUD, and also Because of Her Race and Color**

314.     Denied.

315.     Denied.

316.     Denied.

317.     Denied.

318.     Denied.

319.     Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Denied.

### I.        *Intentional Conduct*

328.    Denied.

329.    Denied.

### J.        *Irreparable Harm and Damages*

330.    Denied.

331.    Denied.

332.    The Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 332 of the Complaint.

### VII.        Claims for Relief

333.    Paragraph 333 of the Complaint warrants no response.

### COUNT ONE
### *Violation Of The Fair Housing Act*
### *42 U.S.C.A § 3601, et. seq.*

334.    Admitted.

335.    Denied.

336.    Denied.

337.    Denied.

338.  Denied.

339.  Denied.

340.  Denied.

341.  Denied.

## COUNT TWO
### *Violation Of the Rhode Island Fair Housing Practices Act ("RIFHPA")*
**R.I. Gen. Laws § 34-37-1, *et. seq.***

342.  Admitted.

343.  Denied.

344.  Denied.

345.  Denied.

346.  Denied.

347.  Denied.

348.  Denied.

## COUNT THREE
### *Retaliation In Violation Of The Fair Housing Act*
**42 U.S.C.A § 3617**

349.  Admitted.

350.  Admitted.

351.  Denied.

352.  Denied.

353.  Denied.

354.  Denied.

355.  Denied.

**COUNT FOUR**
*Retaliation In Violation Of The Rhode Island Fair Housing Practices Act*
**R.I. Gen. Laws § 34-37-5.1**

356.     Admitted.

357.     Admitted.

358.     Denied.

359.     Denied.

360.     Denied.

361.     Denied.

362.     Denied.

**COUNT FIVE**
*Violation Of Title VI Of The Civil Rights Act Of 1964*
**42 U.S.C § 2000d, *et. seq.***

363.     Admitted.

364.     Admitted.

365.     Denied.

366.     Denied.

367.     Denied.

**COUNT SIX**
*Violation of the Rhode Island Civil Rights Act of 1990*
**R.I. Gen. Laws § 42-112, *et. seq.***

368.     Admitted.

369.     Denied.

370.     Denied.

371.     Denied.

30

**COUNT SEVEN**
*Violation of 42 U.S.C § 1437f, and Corresponding Codes of Federal Regulations and HUD Regulations*

372.    The allegations in Paragraph 372 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 372 of the Complaint.

373.    Denied.

374.    The allegations in Paragraph 374 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 374 of the Complaint.

375.    The allegations in Paragraph 375 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 375 of the Complaint.

376.    Admitted.

377.    The allegations in Paragraph 377 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 377 of the Complaint.

378.    The allegations in Paragraph 378 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 378 of the Complaint.

379.    Denied.

380.    The allegations in Paragraph 380 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 380 of the Complaint.

381.     The allegations in Paragraph 381 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 381 of the Complaint.

382.     Denied.

383.     Denied.

384.     The allegations in Paragraph 384 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 384 of the Complaint.

385.     The allegations in Paragraph 385 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 385 of the Complaint.

386.     Denied.

387.     Denied.

388.     Denied.

389.     Denied.

**COUNT EIGHT**
*Conspiracy In Violation of* **42 U.S.C § 1985(3)**

390.     Denied.

391.     Denied.

392.     Denied.

393.     Denied.

## COUNT NINE
### *Defendants' Termination of Plaintiff's Federal Rental Subsidy in Violation of The Due Process Clause of the Fourteenth Amendment of the United States Constitution*

394.    The allegations in Paragraph 394 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 394 of the Complaint.

395.    The allegations in Paragraph 395 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 395 of the Complaint.

396.    The allegations in Paragraph 396 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in Paragraph 396 of the Complaint.

397.    Denied.

398.    Denied.

399.    Denied.

400.    Denied.

## COUNT TEN
### *Violation of* **42 U.S.C § 1981**

401.    Admitted.

402.    Denied.

403.    Denied.

404.    Denied.

## COUNT ELEVEN
### *Violation of* **42 U.S.C § 1982**

405.    Admitted.

406.    Denied.

407.    Denied.

408.    Denied.

## COUNT TWELVE
### *Defamation in Violation of the Common Law of the State of Rhode Island*

409.    Denied.

410.    Denied.

411.    Denied.

412.    Denied.

413.    Denied.

414.    Denied.

415.    Denied.

As for their Defenses, the Defendants, without waiver, limitation or prejudice, hereby assert the following:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

The claims in the Complaint fail to state any cause of action against the Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Legal Cause)

Upon information and belief, the alleged acts and/or omissions, if any, of the Defendants were not the legal cause(s) of the damages sought in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Upon information and belief, the Plaintiff(s) has refused and/or failed to reasonably mitigate the Plaintiff's damages, which refusal and/or failure bars and/or diminishes the claims in the Complaint and/or damages sought by the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

The injuries and/or damages, if any, allegedly incurred by the Plaintiff(s) were proximately caused and/or contributed to by the acts of the Plaintiff and/or another individual(s) and/or entity(ies) who/which are not a party to this action, and said acts were an intervening and/or superseding cause of said injuries and/or damages, if any, barring any recovery by the Plaintiff(s) against the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims in the Complaint are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Standing)

The Plaintiff(s) lacks standing to assert this action and/or any and all of the cause(s) of action set forth in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

The claims in the Complaint are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

The claims in the Complaint are barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

(Waiver)

The claims in the Complaint are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

(Res Judicata)

The claims in the Complaint are barred by the doctrine of res judicata.

## ELEVENTH AFFIRMATIVE DEFENSE

(Collateral Estoppel)

The claims in the Complaint are barred by the doctrine of collateral estoppel.

## TWELVTH AFFIRMATIVE DEFENSE

(Reservation of Right to Add Affirmative Defenses Upon Particularization of Claims)

The Defendants may have additional affirmative defenses to the purported claim(s) of the Plaintiff which cannot currently be articulated due to the Plaintiffs failure to particularize the "claims" in the Complaint, and the Defendants therefore expressly reserve their right to assert additional affirmative defenses upon the Plaintiffs further particularization, if any, of the "claims" in the Complaint or upon further discovery of any information or documents related to the Plaintiffs purported claims.

Dated:          June 13, 2017

                              Defendants
                              National Investments, Ltd. and
                              Subsidized Properties II, L.P.
                              By Their Attorneys

                              /s/ Sean T. O'Leary_____
                              Sean T. O'Leary, Esq. (#6035)
                              O'Leary Law Associates
                              4060 Post Road
                              Warwick, Rhode Island 02886
                              401.615.8584
                              sto@olearylaw.com

## **CERTIFICATION OF SERVICE**

I hereby certify that, on the 14th day of June 2017, I caused the within Answer to be filed through the Case Management/Electronic Case Filing System, through which a copy of said Answer shall be electronically delivered to all individuals who are listed as registered participants in connection with the above-captioned action.

                              /s/ Sean T. O'Leary_____
                              Sean T. O'Leary, Esq.
                              O'Leary Law Associates